AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>MISAEL MARTINEZ-GONZALEZ,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No. 13-8178-WM |

FILED by _____ D.C.
APR 0 8 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 7, 2013_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. 1326(a) and b(2), | Illegal re-entry after deportation |
| 18 U.S.C. 1546(a) | Fraud and misuse of visas, permits and other documents |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andy Korzen, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 8, 2013

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____     U.S. Magistrate Judge William Matthewman
*Printed name and title*

# UNITED STATES v. MISAEL MARTINEZ-GONZALEZ
# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1.  I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.  This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Misael MARTINEZ-GONZALEZ committed the offenses of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a) and (b)(2), and fraud and misuse of visas, permits and other documents in violation of Title 18, United States Code, Section 1546(a).

3.  On January 14, 2013, or soon thereafter, I received a referral for the investigation of Misael MARTINEZ-GONZALEZ, an alien who was previously removed from the United States, and was assigned alien number A073 101 547. Misael MARTINEZ-GONZALEZ recently registered a vehicle in the State of

1

Florida and was residing at 2541 Genessee Avenue, West Palm Beach, Florida 33409.

4. On or about February 5, 2013, I received the alien file bearing control number A073 101 547, corresponding to Misael MARTINEZ-GONZALEZ. Original records within this alien file showed that he is a native and citizen of Mexico, and had been ordered removed from the United States. The Order of Removal was executed on or about April 1, 1999, whereby Misael MARTINEZ-GONZALEZ was removed from the United States to Mexico. Thereafter, Misael MARTINEZ-GONZALEZ re-entered into the United States illegally and was removed on two additional occasions, that is on or about December 18, 2007, and a third time on or about July 2, 2009.

5. Additional records showed that on or about March 12, 1999, in the Circuit Court of the Nineteenth Judicial Circuit of Martin County, Florida, Misael MARTINEZ-GONZALEZ was convicted of possession with intent to sell cocaine, in case number 98-104CFA.

6. On April 7, 2013, Immigration and Customs Enforcement Agents were conducting surveillance at 2541 Genessee Avenue in West Palm Beach. Agents approached an individual, E.M.G., who lived at the residence, and asked who else lived there. E.M.G. stated that two other individuals resided at that address, N.B.O. and the defendant, Misael MARTINEZ-GONZALEZ. E.M.G. then gave agents permission to enter the residence. Agents knocked on the door, which N.B.O opened, and gave permission to agents to enter.

7. Inside the residence, agents observed Misael MARTINEZ-GONZALEZ leaving a bedroom and walking into the living room. He was positively identified by photograph, and stated that his name was Misael MARTINEZ-GONZALEZ when asked. He was then detained for violation of immigration law.

8. Misael MARTINEZ-GONZALEZ was not wearing a shirt when stopped. Therefore, agents took him to his bedroom to get a shirt, and observed the following documents in plain view on top of the dresser:

- one Social Security Card bearing the name of J.L., with number \*\*\*-\*\*-6017,

- one Permanent Resident Card bearing the name of J.L., with, number A\*\*\* \*\*\* 286,

- one Social Security Card bearing the name of M. R-M., with number \*\*\*-\*\*-6115,

- one Resident Alien Card bearing the name of M. R-M., number A\*\*\* \*\*\* 138,

- one Resident Alien Card bearing the name of Misael Martinez Gonzalez, with A\*\*\* \*\*\* 326,

- one Mexican Identification Card bearing the name of Misael Martinez-Gonzalez,

- one identification in name of J.L.P., issued by a non-governmental entity,

- one Mexican Voting Card bearing name of H.V.P.,

- two AARP cards issued to B.D., with number \*\*\*\*162,

7. The alien numbers listed on the Resident Alien Cards found in Misael MARTINEZ-GONZALEZ's bedroom were checked in an immigration database which contains records of all alien numbers issued. The check revealed

3

that numbers A*** *** 286, A*** *** 138, and A*** *** 326 were assigned to other individuals, and not to the defendant, Misael MARTINEZ-GONZALEZ.

8. The Social Security Cards that were located in Misael MARTINEZ-GONZALEZ's bedroom did not have the security feature of micro-printing, which is necessary for the cards to be valid. Based on my training and experience, I believe that all Social Security cards and resident cards in the defendant's bedroom are fraudulent.

9. Border Patrol Fingerprint Expert John Solek conducted a fingerprint comparison, and confirmed that the individual encountered on or about April 7, 2013, that is, Misael MARTINEZ-GONZALEZ was the same person previously removed from the United States on or about July 2, 2009.

10. On or about February 5, 2013, I received the Certificate of Nonexistence of Records pertaining to Alien File Number A073 101 547, which verified that after a diligent search, no record existed which indicated that Misael MARTINEZ-GONZALEZ had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security for re-admission into the United States, as required by law.

11. Based on the foregoing facts, I believe that there is probable cause that Misael MARTINEZ-GONZALEZ committed violations of Title 8, United States Code, Section 1326(a) and (b)(2), and Title 18, United States Code, Section

1546(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this  8th  day of April, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-8178-WM

**UNITED STATES OF AMERICA**

vs.

**MISAEL MARTINEZ-GONZALEZ,**

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
Susan R. Osborne
Assistant United States Attorney
Court No. A5500797
500 South Australian Ave, Suite 400
West Palm Beach, Florida   33410
TEL (561) 209-1003